IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA SHANAHAN, | : | |
| | : | |
| Plaintiff, | : | NO. 2:21-CV-00595-TJS |
| | : | |
| v. | : | **REPLY BRIEF IN FURTHER** |
| | : | **SUPPORT OF THE MOTION FOR** |
| ETHAN ALLEN RETAIL, INC., KATE | : | **SUMMARY JUDGMENT OF** |
| SAVINO, and ROBERT KALINA | : | **DEFENDANTS ETHAN ALLEN** |
| | : | **RETAIL, INC., KATE SAVINO, AND** |
| Defendants. | : | **ROBERT KALINA** |

Defendants[1] hereby submit Reply Brief in Further Support of Their Motion for Summary Judgment and in reply to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment.[2] The misstatements, misrepresentations, and unsupported conclusions made throughout Plaintiff's Opposition are not tantamount to material issues of fact, and Plaintiff cannot evade summary judgment by misrepresenting the record, manufacturing untruths, making unsupported attacks on a witness's credibility, or relying solely on Plaintiff's own testimony and allegations in a Charge of Discrimination in an attempt to establish a material issue of fact.[3]

I. **Plaintiff Cannot Defeat Summary Judgment with Mere Allegations and Self-Serving and Uncorroborated Testimony**

In opposing a motion for summary judgment, Plaintiff cannot create a genuine issue of material fact by misstating or misrepresenting the evidence. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., 690 F. 2d 1235, 1238 (9th Cir. 1982). The

---

[1] Defendants Ethan Allen Retail, Inc. ("Ethan Allen"), Kate Savino, and Robert Kalina are referred to collectively as "Defendants."
[2] Plaintiff Tamara Shanahan's Brief Opposition to Defendants' Motion for Summary Judgment, ECF No. 40-2, is referred to herein as "Opposition" and cited as "Opp."
[3] Plaintiff's seventy-four (74) page Opposition is rife with misrepresentations of the record, as well as unsupported and misplaced legal arguments. It is not possible to directly address every misrepresentation or misplaced argument in this space. A review of the record, however, will reveal to the Court the insufficiency of Plaintiff's evidence and failure of their legal arguments. Defendants also refer the Court to its comprehensive and well-supported Opening Brief in Support of Their Motion for Summary Judgment, ECF No. 39-1 (the "Opening Brief").

1

non-moving party "cannot rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). "Subjective beliefs, rumor and speculation cannot substitute for evidence." Wilson v. U.S. Air Express, No. 98-1190, 1999 U.S. Dist. LEXIS 14250, at *17 (E.D. Pa. Sept. 15 1999). Moreover, if a plaintiff can only offer her own testimony as evidence to support his claims, summary judgment in favor of the defendant is warranted. Solomon v. Soc'y of Auto Eng'rs, 41 Fed. App'x 585, 586 (3d Cir. 2002).

Plaintiff's Opposition and purported Statement of Facts[4] relies almost exclusively on her own deposition testimony or the *allegations* set forth in her Charge of Discrimination which are, at various points, directly conflicting with contemporaneous documentary evidence. Moreover, Plaintiff fails to set forth factual information supporting such repetitious, conclusory statements. See generally Exhibit A. In fact, *fifty-two* (52) paragraphs in Plaintiff's purported statement of facts are *exclusively* "supported" by allegations in Plaintiff's Charge of Discrimination and, therefore, must be disregarded. E.g., Exhibit A ¶¶ 73-78, 91-104, 110-115, 131-149; Exhibit B at n.2; Russell v. City of Phila., 698 F. App'x. 709 (3d Cir. 2017) (affirming the district court's decision finding that the Plaintiff could not rely on her EEOC claim to defeat summary judgment).

Further, documentary evidence, and specifically, contemporaneous documentary evidence, is more reliable than deposition testimony. See Nova Design Techs., LTD. v. Walters, 875 F. Supp. 2d 458, 470 (E.D. Pa. 2012). Where, as here, Plaintiff's testimony is "contradicted by documentary evidence and the testimony from [her] supervisors and a human relations employee, [her testimony] is not sufficient to rebut Defendants' explanation for [her] [replacement and

---

[4] Defendants' Response to Plaintiff's Statement of Facts In Opposition to Defendants' Motion for Summary Judgment is attached hereto as Exhibit A. Defendants' Reply to Plaintiff's Response In Opposition to Defendants' Statement of Facts is attached hereto as Exhibit B. The Statement of Undisputed Facts of Defendants, ECF No. 39-2, is referred to herein as "Defendants' SOF."

termination]." Ward v. Ingersoll-Rand Co., No. CV15327MASLHG, 2016 WL 2996769, at *5 (D.N.J. May 24, 2016), aff'd, 688 F. App'x 104 (3d Cir. 2017). Thus, Plaintiff's uncorroborated statements should be disregarded accordingly.

Likewise, as set forth in Exhibit B, Plaintiff has not sufficiently disputed the material facts set forth by Defendants in support of their Opening Brief, nor has Plaintiff provided any evidence sufficient to create a genuine dispute as to a *material* fact. While "conflicting" evidence must be resolved in Plaintiff's favor, Plaintiff is still obligated to present *evidence* to contradict Defendants', and not simply say a witness is not credible. See Jetter v. Rohm & Haas Chem., LLC, No. 08-1617, 2011 WL 2473917, at *1 n.4 (E.D. Pa. June 22, 2011).

For example, the majority of the Opposition rests on unsupported and repetitive argument that Defendants efforts' to engage in consistent communications and an interactive dialogue with Plaintiff throughout her leave of absence and return to work, as well as provide her with preferential treatment upon her return to work, were somehow "harassing." See generally Opp. These assertions of harassment, however, are not supported by *evidence* to dispute the contemporaneous documentation that demonstrates that Ethan Allen did not harass Plaintiff, but rather attempted to engage her in an interactive process.

Similarly, Plaintiff's claim that Defendants' proffered reason for her termination was a pretext for discrimination is *entirely* belied by the record, including Ethan Allen's consistent communications to Plaintiff regarding her leave of absence. The law is clear that Plaintiff must point to something other than her own personal disagreement with Ethan Allen's actions. E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Plaintiff, however, Plaintiff has not properly disputed the material facts that resulted in the replacement of her position. E.g., Exhibit B ¶¶ 39-42. Instead, all Plaintiff has done is disagree with Defendants' legitimate assessment of the

FP 42561805.2

business needs of the Chadds Ford Design Center, and that disagreement is ***not*** sufficient to create a material issue of fact. Atkinson v. LaFayette Coll., 460 F.3d 447, 451 (3d Cir. 2006).[5]

## II. Plaintiff Concedes that She Did Not Have A Disability At the Time of Termination

Plaintiff was not disabled at the time of her termination from employment and Plaintiff's Opposition does not rebut this.[6] Plaintiff has not argued or disputed that she was not disabled at the time of her adverse employment action. See Opp. at pp. 5-6. Instead, Plaintiff only attempts to establish that she was simply disabled "while employed by Ethan Allen." Opp. p. 6. In so arguing, Plaintiff entirely fails satisfy the applicable standard – "At the summary judgment stage, the plaintiff has the obligation of presenting some evidence of a condition that substantially impaired a major life activity at the time of [the adverse action]." Sever v. Henderson, 381 F. Supp. 2d 405, 416 (M.D. Pa. 2005), aff'd, 220 F. App'x 159 (3d Cir. 2007); see also Parrotta v. PECO Energy Co., 363 F. Supp. 3d 577, 591 (E.D. Pa. 2019).[7] Accordingly, Plaintiff cannot establish that she was disabled or perceived as disabled within the meaning of the ADA.

## III. Plaintiff Failed to Participate In the Interactive Process

Throughout the Opposition, Plaintiff boldly claims that Ethan Allen failed to engage in the interactive process,[8] but then attempts to characterize Ethan Allen's efforts to do so as "harassing,"

---

[5] See also Keller v. Orix Credit All., Inc., 130 F.3d 1101, 1108–09 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]"); Terrell v. Main Line Health, Inc., 320 F. Supp. 3d 644, 660 (E.D. Pa. 2018).

[6] Plaintiff's denial of the termination date is not supported by evidence in the record, nor is it supported by Plaintiff's own allegations in the Amended Complaint. E.g., Exhibit B ¶ 105.

[7] The two central cases cited by Plaintiff in this section of the Opposition are entirely distinguishable. As an initial matter, both Wainberg v. Dietz & Watson, Inc., 2017 WL 5885840 (E.D. Pa. Nov. 28, 2017) and Sine v. Rockhill Mennonite Home, 275 F. Supp. 3d 538 (E.D. Pa. 2017) address *motions to dismiss* and, therefore, apply completely different standards. Moreover, both of these cases involve largely questions of FMLA interference and retaliation *and* before the respective plaintiffs had the opportunity to take any leave. The plaintiff in Wainberg, for example, was terminated two days following his injury and before he was even formally diagnosed. The plaintiff in Sine was terminated before her surgery and prior to becoming officially eligible for FMLA. Neither case supports Plaintiff's burden of establishing that she was disabled or regarded as disabled at the relevant time.

[8] Plaintiff's claim that "Defendants did not make reasonable accommodations to the known physical limitations of [Plaintiff]" is baffling and wholly unsupported by the record. It is undisputed that Plaintiff returned to work on

"intimidation," "hostile," or "bullying."  See generally Opp. at pp. 11-17, 38-44.  For the reasons set forth in detail in the Opening Brief, Plaintiff's claims in this regard continue to lack legal or factual support.  See Opening Br. at pp. 14-15, 17-19.

"[A]n employer cannot be faulted if after conferring with the employee to find possible accommodations, the employee then fails to supply information that the employer needs or does not answer the employer's request for more detailed proposals." Brunson v. Peake, No. 08-2827, 2011 WL 3715084, at *8 (E.D. Pa. Aug. 24, 2011).  It remains undisputed that Plaintiff was ready to come back to work at some point in December of 2019.  Opp. at p. 17.  Moreover, it is undisputed that Ethan Allen had repeatedly requested that Plaintiff keep Defendants informed as to her ability to return to work, and Plaintiff did not do so in December of 2019.  See Exhibit B ¶¶ 51, 89.  Indeed, Plaintiff did not just fail to keep Ethan Allen informed, *she deliberately masked* her progress when communicating with Ethan Allen and maintained that she was going for follow-up with her health care providers in January 2020 so she could travel, rather than work, during the holiday season.[9]  See Opp. at p. 17; Exhibit B ¶¶ 91-95.  As a result, Plaintiff cannot now seek to hold Ethan Allen liable for her loss of employment.  Hofacker v. Wells Fargo Bank Nat'l Ass'n, 179 F. Supp. 3d 463, 471-72 (E.D. Pa. 2016).

IV.  **Plaintiff Fails to Establish Discrimination or Retaliation[10] Under the ADEA**

Plaintiff's claims for age discrimination and retaliation are premised *solely* upon the fact that the individual hired as a Design Consultant beginning on December 27, 2019 is younger than Plaintiff.  Even if this was sufficient to establish a *prima facie* case of age discrimination – which

---

November 1, 2019 after being *medically released*, all of the restrictions noted by her doctor were accommodated, and her Return to Work Agreement simply set forth her job duties.  E.g., Exhibit B; Defendants' SOF ¶¶ 54-58.

[9]  Plaintiff demonstrated significant improvement in her December 8, 2019 appointment, only to e-mail Ethan Allen *the next day* indicating her intention to stay out on medical leave for another month.  See Defendants' SOF ¶¶ 90-93.

[10]  Plaintiff appears to abandon her claim for retaliation under the ADEA (or PHRA) as she sets forth no factual or legal argument that she engaged in protected activity related to her age.  See generally Opp.

5

it is not, see Opening Br. pp. 25-27 – it certainly is not sufficient to demonstrate pretext.

A "plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision," and, therefore, "the burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176-80 (2009) (citing cases).

Plaintiff's allegations relating to Ethan Allen's brochures are irrelevant to the instant matter, at best. Similarly, the allegations relating to the ages of the recipients of the "Philadelphia Home Show" email and the ages of the individuals laid off as a result of COVID are not only entirely unrelated to Plaintiff or any alleged animus directed to her, but they are also unsupported by any factual evidence.[11] See Exhibit A ¶¶ 255-56, 232. It remains undisputed however, that a Design Consultant *older* than Plaintiff remains at the Chadds Ford Design Center. See Exhibit B ¶ 123. As a result of the foregoing, Plaintiff's Opposition sets forth no evidence that supports a claim of illegal age discrimination.

V.  **Plaintiff's Claims for Retaliation Are Nothing More than a Restated Attempt to Get the Accommodation She Wanted, and as such, Should Fail**[12]

In support of her claim for retaliation, Plaintiff explicitly states that her protected activity is her request for an accommodation. Opp. at p. 22. It is clear from Plaintiff's own filings that her request for a job-protected leave of absence through January 8, 2020 is the only request at issue.

---

[11] Likewise, Plaintiff's allegations relating to "Mark" are not only insufficient to demonstrate discriminatory animus *toward Plaintiff*, but they are inconsistent and incomplete hearsay statements that need not be considered by the Court. See Exhibit A ¶ 233.

[12] Plaintiff's argument relating to FMLA retaliation can be reduced to "I took FMLA leave and lost my job over four months later," and this argument is unavailing. Opening Br. at pp. 31-33. Further, Plaintiff's claims relating to FMLA leave are so woefully deficient as to undermine the credibility of her entire argument. That Plaintiff now argues that her termination date should be considered first as September 30, 2019 *even though Plaintiff returned to work in November*, and then say with *no* support that the termination date is November 26, 2019 when Plaintiff's own Amended Complaint identifies that the termination occurred in January of 2020 highlights that the "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" reside with Plaintiff in this case, not Defendants.

6

See generally Opp. Thus, Plaintiff is making the "circular argument that [Ethan Allen] denied [her] request [for accommodation] in retaliation for her asking [for the accommodation]." Williams v. Phila. Hous. Auth., 230 F. Supp. 2d 631, 639 (E.D. Pa. 2002). Plaintiff does not distinguish or otherwise contradict the law that such repackaged claims are not cognizable retaliation claims. E.g., Semcheski v. Cunningham Lindsey U.S., Inc., No. 16-1592, 2018 WL 3417219 (M.D. Pa. July 13, 2018). As such, Plaintiff's "repackaged" statement of her failure to accommodate claim must fail. See id.; Gardner v. SEPTA, 824 F. App'x 100, 107 (3d Cir. 2020).[13]

To the extent Plaintiff claims her November 7, 2019 e-mail constitutes protected activity, she cannot do so. See Opening Br. at p. 28; see also Armstead v. Exec. Cleaning & Supply, Inc., No. 12-2452, 2014 WL 4659935, at *14 (E.D. Pa. Sept. 17, 2014). Plaintiff's email does not explain how she thought her treatment was related to her request or leave and, moreover, there is no mention that she even though such treatment was related to a disability. See Exhibit A ¶¶ 123-26. Moreover, Ethan Allen conducted an assessment of its business needs and Plaintiff was informed that Ethan Allen could not continue to hold open the position ***before*** the alleged protected

---

[13] Similarly, Plaintiff has implicitly abandoned any claim for disparate treatment because of a disability. Even if Plaintiff had established that she was disabled or perceived as disabled under the ADA, if she intended to make such a claim, she still must show that, *inter alia*: "[s]he has suffered an otherwise adverse employment decision as a result of discrimination." Thimons v. PNC Bank, 254 Fed. App'x 896, 897 (3d Cir. 2007) (internal quotations omitted). This section of Plaintiff's Opposition, however, is dedicated to unsupported arguments that Plaintiff was subjected to a "hostile work environment" by adjusting Plaintiff's schedule to align with that of her manager so her manager could provide support upon her return to work, subjecting Plaintiff to less strenuous performance standards than her peers, among other things, and outlining job functions upon her return to work that Plaintiff conceded are part of the job description of a Design Consultant. See Opp. at p. 9. Indeed, this page of the Opposition, like much of the Opposition, contains nothing more than unsupported allegations as the majority of the citations refer to Plaintiff's Charge of Discrimination, as opposed to record evidence. E.g., Plaintiff's SOF ¶¶ 75, 96, 107. Plaintiff dedicates the remainder of this section of the Opposition to her complaints that she was not given the accommodation she requested – a third job-protected leave of absence – not that the filling of her position and subsequent termination of her employment was "a result of" disability discrimination. See Opp. at pp. 10-11. Instead, the evidence clearly demonstrates that Ethan Allen terminated her employment because, due to the needs of the business, her position was filled. As such, Plaintiff has not established a prima facie case of disability discrimination under the ADA. See Markham v. Boeing Co., No. 10-1363, 2011 WL 6217117, at *5 (D. Kan. Dec. 14, 2011). Notably, that Plaintiff resorts to citing unconfirmed rumors about former employees dating to a time before she worked at the Chadds Ford Design Center to try to manufacture circumstances giving rise to an inference of discrimination only highlights how lacking her claims of disability discrimination in fact are. See Opp. at p. 11; Exhibit A ¶ 122.

activity and, therefore, Plaintiff has not established a causal connection. See Thomas v. Bronco Oilfield Servs., 503 F. Supp. 3d 276, 313 (W.D. Pa. 2020) (employee cannot establish a causal connection between his protected activity and the alleged retaliation when he has received significant negative evaluations *before* engaging in the protected activity as it undermines theories that a later termination was being "engineered" by the employer).

### VI. Plaintiff's Claims of Hostility, Harassment, and Antagonism Are Unsupported By Evidence of Record, and Must Fail As A Matter of Law

The Opposition attempts to recast Ethan Allen's well-documented efforts at communication, the interactive process, accommodation, and professional development and leeway as examples of antagonism and/or harassment. E.g., Opp. at pp. 26, 38-45. Plaintiff's brazen misrepresentation of the record, however, is unavailing.

Plaintiff sets forth no evidence to establish that she suffered intentional discrimination because of her disability and that such discrimination was "severe or pervasive," as is required by the law. See, e.g., Jensen v. Potter, 435 F. 3d 444, 449 (3d Cir. 2006); see also Alpine Manor, Inc., 512 F. Supp. 2d 373, 386 (W.D. Pa. 2007) ("Personality conflicts and questioning of job performance are unavoidable aspects of employment[.]").

Instead, Plaintiff repeatedly claims, without legal or factual support, that Ethan Allen's communication to her that her position could not be held for her, that the provision of accommodations that addressed all restrictions by her physician, that Plaintiff was asked to sign a Return to Work Agreement outlining her accommodations and job duties *per Ethan Allen's stated policy*, and that the performance-related document that gave her *beneficial treatment* are examples of hostile and harassing treatment. See Opp. at pp. 38-45. There is no basis in the record, the law, or reality to find that these things constitute harassment. As set forth in more detail above, the vast majority of the "facts" alleged by Plaintiff in support of her claim the "harassment, discrimination,

and retaliation worsens upon her return" cite *exclusively* to Plaintiff's Charge of Discrimination, which cannot be used to establish material facts at this stage. See Exhibit A ¶¶ 64-148. In short, Plaintiff's Opposition does not support a claim for a hostile work environment. See Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir. 1990).

### VII. Plaintiff Has Failed to Establish Pretext[14] with Respect to Her Discrimination and Retaliation Claims as a Matter of Law

As an initial matter, the Opposition ignores the relevant standard. Plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence.'" Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). See also Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) ("[B]are assertions [and] conclusory allegations or suspicions" are insufficient to demonstrate pretext and intentional discrimination).

Plaintiff lists three reasons as the basis for finding pretext, each of which are misleading and inconsistent with the record and the law. First, Plaintiff makes the legally and factually inaccurate and misleading statement that the "evidence does not support Defendant's reasons for terminating Ms. Shanahan," and spends several pages making the repetitive argument that there was "no undue hardship upon Ethan Allen." Opp. p. 31-34. A review of the evidence, however, undermines Plaintiff's arguments and demonstrates that Ethan Allen conducted a thorough review of the available information to determine whether there was a business need to fill the open Design Consultant position. See Exhibit A ¶¶ 185, 194-97; Defendants' SOF ¶¶ 36-44.

Second, Plaintiff again ignores the relevant standard for *pretext* and claims that the

---

[14] Plaintiff's conclusory statement that Defendants did not establish a legitimate reason for filling Plaintiff's position and terminating Plaintiff's employment ignores the facts of this case and relevant case law. As set forth in detail in the Opening Brief, Defendants have satisfied this "light burden." See Opening Br. at pp. 33-34. Plaintiff further misrepresents the record by attempting to claim, without citation to the record, that the issue is whether the position could be held for another open for another two weeks.

"evidence" demonstrates that Plaintiff's disability was more likely than not the reason for her termination. Plaintiff, however, Plaintiff must show that she was "the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence," and must also demonstrate that Defendant had the intent to discriminate. Reeves v. Sanderson Plumbing, Inc., 530 U.S. 133, 143 (2000); Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1070 (3d Cir. 1996). Plaintiff "cannot simply show that the employer's decision was wrong or mistaken" to establish pretext. Abels v. DISH Network Serv., LLC, 507 F. App'x 179, 185 (3d Cir. 2012). Rather, she must establish that "discriminatory animus" was the but-for reason for her termination. Id.; see also Holder v. City of Raleigh, 867 F.2d 823, 829 (4th Cir. 1989) ("[a] reason honestly described but poorly founded is not a pretext."). Not only is this a legally insufficient argument, it also is not supported by record evidence. See Exhibit A ¶¶ 209, 211-14, 223. Ultimately, all Plaintiff has done is assert her disagreement with Ethan Allen, and such "unsubstantiated, subjective beliefs or suspicions alone would not suffice to persuade a rational trier of fact that age was a factor in the termination decision." See Frost v. PetSmart, Inc., No. 05-6759, 2007 WL 602990, at *4 (E.D. Pa. Feb. 26, 2007).[15]

Therefore, Plaintiff has not set forth pretext and Defendants are entitled to judgment in their favor with respect to Plaintiff's discrimination and retaliation claims.

### VIII. Conclusion

For the reasons set forth above and in Defendants' Motion for Summary Judgment, Defendants are entitled to Summary Judgment in their favor with respect to all Counts in Plaintiff's Amended Complaint.

---

[15] Plaintiff's third and lengthiest basis for "pretext" is, in fact a completely misplaced argument regarding the third (causation) prong of a *prima facie* retaliation case and, therefore, is inapplicable to the pretext analysis. See Opp. pp. 36-42. Further, the "pattern of antagonism" to which Plaintiff refers is, like Plaintiff's harassment argument, not supported by the record evidence. See Section V, supra.

                                                    Respectfully submitted,

                                                    **FISHER & PHILLIPS LLP**

Date:  December 17, 2021            */s/ Christina M. Michael*
                                                    Christina M. Michael, Esquire
                                                    Deniz Uzel Reilly, Esquire
                                                    Two Logan Square
                                                    100 N. 18th Street, 12th Floor
                                                    Philadelphia, Pennsylvania 19103
                                                    Telephone:  (610) 230-2150
                                                    Facsimile:  (610) 230-2151
                                                    cmichael@fisherphillips.com
                                                    dreilly@fisherphillips.com

                                                    *Attorneys for Defendants Ethan Allen Retail, Inc., Kate Savino, and Robert Kalina*

FP 42561805.2

## CERTIFICATE OF SERVICE

    I, Christina M. Michael, hereby certify that on this 17th day of December 2021, the foregoing Reply Brief in Further Support of the Motion for Summary Judgment of Defendants Ethan Allen Retail, Inc., Kate Savino, and Robert Kalina, Reply in Further Support of the Statement of Undisputed Facts of Defendants Ethan Allen Retail, Inc., Kate Savino, and Robert Kalina and in Reply to Plaintiff's Response in Opposition to Defendants' Statement of Material Facts, and Response of Defendants Ethan Allen Retail, Inc., Kate Savino, and Robert Kalina to Plaintiff's Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment were filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record as follows:

        Jennifer C. Bell, Esquire
        Christopher A. Macey, Jr., Esquire
        BELL & BELL, LLP
        One Penn Center, Suite 1254
        Philadelphia, PA 19103

        *Counsel for Plaintiff Tamara Shanahan*

                        */s/ Christina M. Michael*
                        Christina M. Michael